Mr. Justice James
delivered the opinion of the court.
The relator prays that the Commissioners of the District of Columbia be compelled by a writ of mandamus to issue to him certificates of drawback, providing on their face for the payment of interest on the amount of the drawback at the rate of ten per centum per annum.
It appears that the legislative assembly, by an act of August 10,1871, purporting to be authorized by section 37 *465 Qf the organic act, provided for certain improvements of streets in "Washington, and for assessment of the cost thereof upon the property bordering on these improvements, to be made according to the section of the organic act referred to. That section itself only provided that assessments should be made “ in the manner required by law,” and, as no other law provided how they should be made, they could not be made in accordance with the authority of the organic act. They were actually made, therefore, only in a manner provided by a rule adopted by the board of public works. In the litigation which naturally followed, they were found not to have been made “ in the manner required by law.” Congress then came to the relief of the District and of the property-owners, and it was provided by the act of 1878, that the assessments made by the board of public works should stand as valid and should be enforced, except in cases where they should be complained of and revised and corrected. The precise form of that provision was, that the assessments should be enforced, “ Provided, that upon complaint being made to the Commissioners within thirty days from the passage of this act, of erroneous or excessive charges in respect to any of said assessments which remain unpaid, said Commissioners are hereby authorized to revise such assessment so complained of and to correct the same ; and where certificates of assessment have been issued, they shall issue to the holder of such certificates a drawback certificate for. the amount of such erroneous or excessive charges, which certificates shall be received at any time in payment of assessments for special improvements, and they shall be redeemed in the manner prescribed for the redemption and-purchase of certificates as provided by an act of the legislative assembly of May 29, 1873.”
By this act Congress authorized the Commissioners to reduce the burden of the property-owner, and to give to the holder of any certificate, which had been used upon the erroneous or excessive assessment, a drawback, which should be received in payment of special improvement assessments, *466 or redeemed by the District in a certain mannei’. The terms of this certificate of drawback are the subject of dispute.
It is insisted that, as the original certificates of indebtedness provided for interest at the rate of ten per centum, and were charged as liens upon the property benefited, this validating law must be held to have contemplated that the purchaser of this charge should not suffer by its reduction ; in other words, that it must be held to have intended that the drawback should operate just as the original certificate had done, and was, therefore, to bear interest at the same rate. In order to lay a foundation for this proceeding, the relator made a demand on the Commissioners for certificates expressed in accordance with this theory. .
The provision of the validating a.ct of Congress is, strictly^ that the certificate of drawback should be co-extensive with the reduction made on complaint of the property-owner. The language of the act is, that te upon complaint being made to the Commissioners * * * of erroneous or excessive charges in respect to any of said assessments which remaid unpaid, said Commissioners are hereby authorized to revise such assessments so complained of and to correct the same ; and where certificates of assessment have been issued, they shall issue to the holder of such certificate a drawback certificate for the amount of such erroneous or excessive charges.” The certificate of drawback was to be for this and for nothing more. For this amount only, and not for this amount and whatever interest might have accrued. thereon at the rate of ten per centum per annum, it was receivable in payment of special improvements. The use to be made of it, and the fact that the act omits to state that, the drawback should bear interest until paid or used, show conclusively that the act did not intend that the drawback should be an interest-bearing debt.
It must be remembered that, before the passage of this act, the District, although it had sold these original cei’tifi-cates of assessment, was in no sense a debtor to the holder of them, and that the property on which they were liens was his only debtor. It must also be remembered that, without *467 a validating act of Congress, even this security appeared to be invalid. When Congress undertook, in such a state of things, to give relief to all the parties, by lifting from the property erroneous or excessive burdens, and give validity to a part of the hitherto insecure lien of the certificate of indebtedness, and by providing that the rest of the certificate, ■which was no longer a lien should be available against' the District, as if it had been originally a debt of the District, it is manifest that the whole transaction must be treated as a compromise adjustment, in which the original condition of the parties are to some extent put aside. Compromises of this sort are to be construed strictly ; especially when the adjustment subjects the District to obligations which never existed before. The obligation to receive these drawbacks for improvement assessments and to redeem them placed the District in the position of debtor to that extent, and this new obligation is not to be made, by construction, larger than the strict and precise terms of the statute requires us to make it. If ■ the statute omits to provide expressly that ■this new obligation is to carry interest, we are bound to hold that this new indebtedness was to be a debt without interest.